COMMON SCHOOL DISTS. NOS. 32, 36, 47, 59, AND 62, IN TWIN FALLS COUNTY, IDAHO, v. THOMPSON.

COMMON SCHOOL DIST. NO. 54, IN TWIN FALLS COUNTY, IDAHO, v. HAASE.

Nos. 1729, 1787.

District Court, D. Idaho, S. D.

Dec. 29, 1932.

Sweeley & Sweeley, of Twin Falls, Idaho, for plaintiffs.

Frank L. Stephan, of Twin Falls, Idaho, for defendants.

CAVANAH, District Judge.

These two actions were brought by the school districts against the receiver of the Twin Falls National Bank, and were presented together, as the same questions are involved in each case.

In action No. 1729, which relates to the alleged claims of school district No. 54, the district urges that it be decreed to have a preferred claim in the sum of $333.88, plus $11.40 costs incurred in the state court, against the money and assets of the Twin Falls National Bank. It appears that the bank, before its insolvency, presented to the county auditor an order of the plaintiff which proved to be a forgery, for a warrant calling for payment from its funds in the hands of the county treasurer in the sum of $290, and a warrant by the auditor was then issued and delivered to the bank. The warrant was then presented by the bank to the county treasurer, and received in payment a check upon the Twin Falls Bank & Trust Company, payable to the Twin Falls National Bank. Thereafter the Twin Falls National Bank cleared the check together with other checks with the Twin Falls Bank & Trust Company, who then drew a draft on the Walker Bank & Trust Company of Salt Lake City for $2,203.10, payable to the Twin Falls National Bank. The draft was then forwarded by the defendant, Twin Falls National Bank, to the Federal Reserve Bank at Salt Lake City, which was collected and credit given to the Twin Falls National Bank for said sum, and thereafter the Federal Reserve Bank paid out all the said $2,203.10 in satisfaction of drafts drawn on the Twin Falls National Bank upon its account with the Federal Reserve Bank and in payment of obligations of the Twin Falls National Bank. This was all done prior to the closing of the Twin Falls National Bank.

After the Twin Falls National Bank denied liability to the district for a return of this money, suit was brought against it by the district in the state court which resulted in a final judgment in favor of the district. At all times from the time the warrant was presented to the treasurer and payment made the bank had on hand cash in an amount sufficient to pay in full the claim of the district, and on the day it became insolvent and suspended business it had cash on hand in the sum of $7,247.74.

The reason urged by the defendant against the allowance and making the plaintiff's claim a preferred one is that it must appear that the funds claimed must be impressed with a trust, that the assets of the bank must have been increased or augmented by the transaction in which the fund was involved, and that the district must be able to trace the fund into the hands of the receiver and there identify the same.

Under the facts disclosed by the record, it is clear that the Twin Falls National Bank, prior to its suspension of business, received the funds of the district upon a forged order which was paid out of the funds of the district, and received and accepted credit for the amount with the Federal Reserve Bank upon its obligations there. When in doing so it thereby enlarged its assets, as the money under such a transaction was traced to its assets, and is regarded as the receipt by it of that amount of cash which became a trust fund in the hands of the bank. Merchants' Nat. Bank of Helena, Mont., et al. v. School Dist. No. 8 of Meagher County, Mont. (C. C. A.) 94 F. 705; Kansas State Bank v. First State Bank, 62 Kan. 788, 64 P. 634; Allen et al. v. United States (C. C. A.) 285 F. 678. The using of the trust fund so wrongfully converted, under the evidence, by the bank in enlarging its assets and who had knowledge of the character of the fund, requires the application of the principle that the fund will be treated as trust property in the hands of the bank at the time it suspended business, and the claims of the districts here involved are preferred and should be paid as such out of the assets of the bank. Accordingly decree will be entered, with costs.

The evidence relating to the claims of the districts in case No. 1787 is similar to the evidence in the case No. 1729, excepting as to amounts and names of some of the banks upon which checks were issued.